UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONNIE P MYERS** | : | **CASE NO. 2:21-CV-02618** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WALMART INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff, Donnie P. Myers ("Myers"). Doc. 6. The motion is opposed by defendant, Walmart Inc. ("Walmart"). Doc. 14. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein, **IT IS RECOMMENDED** that plaintiff's motion be **DENIED**.

**I.**
**BACKGROUND**

Myers filed suit in the 14th Judicial District Court for the Parish of Calcasieu on March 25, 2021. Doc. 1, att. 1. He alleged that he sustained damages after slipping and falling in a Lake Charles Walmart store on or about December 5, 2020. *Id.* Myers described his damages as including "a broken right femur which required surgery and generalized soreness" and related "medical expenses, physical and mental pain, and suffering; disability; and loss of enjoyment of life." *Id.* at ¶ 4-5. Although he stated in his original petition that "his damages do exceed the

jurisdictional amount necessary for a trial by jury,"[1] Myers did not otherwise indicate the amount in controversy. *Id.* at ¶ 7.

Walmart was served with the Petition on May 12, 2021. Doc. 6, att. 3. On June 10, 2021, Walmart served interrogatories on Myers. Doc. 1, att. 2. Interrogatory No. 16 asked, "Does the matter in controversy exceed the sum of $75,000, exclusive of interests and costs?" Doc. 1, att. 2, p. 3. On July 29, 2021, Myers served responses on Walmart, answering "Yes" to Interrogatory No. 16. Doc. 1, att. 2, p. 3-4.

On August 19, 2021, defendant Walmart removed the case to this court, asserting that this court has diversity jurisdiction under 28 U.S.C. § 1332 and that the case is removable pursuant to 28 U.S.C. § 1441. Walmart's notice of removal alleges that the amount in controversy exceeds $75,000, as shown by Myers' interrogatory response. Doc. 1, ¶ 5. Walmart alleges that there is complete diversity of citizenship because Myers is a resident of and domiciled in the Parish of Calcasieu, Louisiana, and Walmart is a Delaware corporation with its principal place of business in Arkansas. *Id.* The Notice of Removal suggests that Walmart removed the case within 30 days of receiving affirmation that the amount in controversy exceeds $75,000. *See* Doc. 1.

On September 16, 2021, Myers moved to remand the case on the basis that the removal was not timely because not made within 30 days of service of the petition, under 28 U.S.C. § 1446(b). Doc. 14.

---

[1] As of January 1, 2021, the jury trial threshold in Louisiana state courts is $10,000. La. Code Civ. Proc. art. 1732. 2020 La. Sess. Law Serv. 1st Ex. Sess. Act 37 (H.B. 57).

## II.
### THE PARTIES' ARGUMENTS

This case involves a "timeliness dispute"[2] requiring the court to consider when Walmart became aware that the amount in controversy exceeds $75,000.

In its Notice of Removal, Walmart suggests that this matter is timely because Walmart was unaware of the amount in controversy until receipt of Myers' interrogatory responses on July 29, 2021, and that its notice of removal is timely because made within 30 days thereafter. Doc. 1, p. 2. In support of this argument, Walmart cites to the facts that Myers had surgery to repair the fractured right femur on December 5, 2020, that he had returned to "gainful employment" by March 23, 2021, and that Walmart received medical bills totaling $11,360.52. Doc. 1, ¶ 4. Walmart responds that the petition "stated no other details as to the nature and extent of the alleged injury, the extent of medical treatment, the nature and extent of any alleged disability, or the amount of any medical expenses incurred." Doc. 14, p. 2. In further support of this argument, Walmart cites to caselaw from the 1990s suggesting that the trial awards for a fractured femur could range from $45,000 to $85,000. *Id.* at 2.[3]

In moving to remand, Myers argues that Walmart should have known from the beginning that the amount in controversy exceeds $75,000. Myers argues that "Plaintiff clearly states in his petition that he sustained a fractured femur which required surgery[,]" and that this allegation, along with the other damages pled (past and future medicals, physical and mental pain and

---

[2] "In a timeliness dispute, the plaintiff tries to avoid removal by arguing that it was clear from the initial pleadings that the case was removable such that the defendant has missed the deadline and is forever barred from removing." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013).

[3] In the Notice of Removal, Walmart stated that:

> $85,000 was awarded for a fractured femur in *Choyce v. Sisters of Incarnate Word*, 642 So.2d 287 (2nd Cir. 1994); $75,000 was awarded in *Sledge v. Continental Casualty Co.*, 639 So.2d 805 (2nd Cir. 1994); $45,000 was awarded in *Richardson v. State*, 726 So.2d 417 (3rd Cir. 1998); and $60,000 was awarded in *Fontenot v. Cooper*, 599 So.2d 883 (3rd Cir. 1992).

Doc. 1, ¶ 4.

suffering, and disability and loss of enjoyment of life) must be seen as clearly demonstrating an amount in controversy exceeding $75,000. Doc. 6, att. 1, p. 3. Myers argues that Walmart's notice of removal is untimely because not filed within 30 days of May 12, 2021, when it was served with the petition. Doc. 6, att. 1, p. 1; *see also* Doc. 6, att. 3 (notice of service). In support of this proposition, Myers cites to the very cases cited by Walmart in its Notice of Removal, all of which involved general damages awards exceeding $75,000 when "taking inflation into account." Doc. 6, att. 1. Myers does not describe the means by which inflation he took inflation into account.

## III.
### LAW AND ANALYSIS

**A. Timeliness and Amount in Controversy**

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Removal is perfected by filing a Notice of Removal in the district court for the district and division within which such action is pending, which notice shall contain a short and plain statement of the grounds for removal. 28 U.S.C. §1446(a). Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief [ . . . ]." 28 U.S.C. § 1446(b)(1). This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively

reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action "within 30 days after receipt [ . . . ] of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This "other paper" must be "'unequivocally clear and certain' to start the time limit running for a notice of removal [ . . . ]." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Chapman*, 969 F.2d at 163). The "clear and certain" standard was adopted to promote judicial efficiency by reducing "'protective' removals by defendants faced with an equivocal record." *Id.* The Fifth Circuit "specifically declined to adopt a rule which would expect defendants to 'ascertain[ ] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992))(alteration original). Instead, courts in the Fifth Circuit apply "bright line rule 'requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)(quoting *Bosky*, 288 F.3d at 210).[4]

Walmart also emphasizes that under the Fifth Circuit's bright line rule, the question is not whether the amount in controversy could be ascertained from the petition, but rather whether the petition "affirmatively reveals on its face" that the amount in controversy exceeds $75,000. Doc.

---

[4] For cases originating in Louisiana state courts, this standard must be applied bearing in mind that Louisiana law prohibits plaintiffs from pleading a specific monetary amount of damages, instead requiring that Louisiana plaintiffs include a "general allegation that the claim exceeds or is less than the requisite amount" when "a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages [ . . . ]." La. Code Civ. Proc. art. 893.

14, p. 6 (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013)). Walmart argues that it does not.

We agree with Walmart that, because the original petition did not contain a "specific allegation that damages are in excess of the federal jurisdictional amount," the removal clock was thus not triggered until Walmart received the interrogatory responses on July 29, 2021. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). Because Walmart removed within 30 days of receiving that "other paper," the removal is timely under 28 U.S.C. § 1446(b)(3).

### B. Diversity of Citizenship

The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Myers does not contest Walmart's allegation that the parties are of diverse citizenship, but this court has a duty to satisfy itself of that fact. *Lowry v. Int'l Bhd. of Boilermakers, Iron Shipbuilders & Helpers of Am.*, 259 F.2d 568, 570 (5th Cir. 1958).

The only parties to this action are Donnie P. Myers, a natural person, and Walmart, Inc., a corporation. As a corporation, Walmart's citizenship is determined by its state of incorporation and the state where it has its principal place of business, usually a headquarters that functions as the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, (2010). Included among the attachments to the Notice of Removal is an affidavit of Geoffrey W. Edwards, Senior Associate General Counsel for Walmart Inc., who attests that Walmart Inc. is "organized under the laws of the State of Delaware, and its principal place of business is in the State of Arkansas." Doc. 1, att. 6.

As a natural person, plaintiff Myers' citizenship is determined by his place of domicile. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Myers states in his Petition that he is a resident of Calcasieu Parish, Louisiana. Doc. 1, att. 1. Based on this allegation, Walmart alleges that Myers is "domiciled in the Parish of Calcasieu, Louisiana." Doc. 1, p. 3. Although residence and domicile are distinct concepts,[5] the court accepts as true the allegation that Myers is a Louisiana domiciliary because he does not contest that allegation in his motion to remand.

Having reviewed these documents, the court is satisfied that the parties are citizens of different states within the meaning of 28 U.S.C. § 1332 because Walmart is a citizen of Arkansas and Delaware, and Myers is a citizen of Louisiana.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 14] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

---

[5] A person's domicile is the last place he or she physically resided with the intention to remain there indefinitely. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE